NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| OMS INVESTMENTS, INC. and THE SCOTTS COMPANY LLC, | |
| Plaintiffs, | Civ. No. 07-1064 (JAP) |
| v. | **OPINION** |
| TERRACYCLE, INC., | |
| Defendant. | |

PISANO, District Judge.

Plaintiffs OMS Investments, Inc. ("OMS") and The Scotts Company LLC ("Scotts") (together "Plaintiffs") brought this action against TerraCycle, Inc. ("TerraCycle" or "Defendant") seeking redress for TerraCycle's alleged false and misleading advertising claims and infringement of Plaintiffs' Miracle-Gro trade dress. Currently before the Court is Plaintiffs' Motion to Dismiss two of TerraCycle's counterclaims, which assert claims against Plaintiffs for false advertising pursuant to 15 U.S.C. § 1125(a)(1)(B) and N.J.S.A. § 56:4-1. For the reasons stated below, the Court grants Plaintiffs' Motion to Dismiss.

## I.  BACKGROUND

Plaintiff OMS is a Delaware corporation and wholly owned subsidiary of Scotts. Plaintiff Scotts is an Ohio limited liability company that markets a complete line of plant and garden products under the Miracle-Gro trademark. Defendant TerraCycle is a start-up company, incorporated in New Jersey, that markets and sells a line of organic, liquid plant food products

made from worm excrement.  Plaintiffs claim that the packaging for one of TerraCycle's products, the All Purpose Plant Food, infringes the Miracle-Gro Trade Dress for a number of reasons, ranging from the color combination of the packaging to the images displayed on the packaging.  Plaintiffs also claim that TerraCycle, through its product advertisements, has made several false and/or misleading claims which Plaintiffs group into the following four categories: "(1) broad and generalized 'superiority' claims; (2) performance claims based on scientific testing; (3) claims that synthetic chemical fertilizers are harmful to plants; and (4) superiority claims based on photographic representations."  (Compl. ¶ 18).

      Based on those allegations and others, Plaintiffs filed a Complaint on March 7, 2007, asserting Lanham Act claims against TerraCycle for false advertising, trade dress infringement, and trade dress dilution.  Additionally, Plaintiffs' Complaint set forth claims for unfair competition under the New Jersey Fair Trade Act ("NJFTA"), N.J.S.A. 56:4-1 *et seq.*, and unjust enrichment.  In an Answer filed on April 26, 2007, TerraCycle asserted four counterclaims against Plaintiffs, including two claims for false advertising—one under the Lanham Act and another pursuant to the NJFTA.  Plaintiffs now move to dismiss those counterclaims for two independent reasons.

      First, Plaintiffs argue that TerraCycle has failed to plead its false advertising claims with the requisite particularity.  Second, Plaintiffs contend that TerraCycle's false advertising claims fail as a matter of law because they are improperly based upon alleged violations of California and Washington state regulatory provisions.  TerraCycle responds that there is no heightened pleading standard for false advertising claims and that, in any event, their claims are specific enough to withstand challenge under the appropriate pleading standard.  Further, TerraCycle

2

argues that there is nothing improper about its references to violations of state regulatory provisions, which merely support its false advertising claims.

## II. DISCUSSION

### A. Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Previously, the standard of review under Rule 12(b)(6) permitted dismissal "only if it appear[ed] that the plaintiff[] could prove no set of facts that would entitle [him] to relief." *Watson v. Abington Twp.*, 478 F.3d 144, 150-51 (3d Cir. 2007) (quotation omitted). Recently, however, the United States Supreme Court dispensed with that standard: the "no set of facts language has been questioned, criticized, and explained away long enough . . . . [T]his famous observation has earned its retirement." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

The *Twombly* Court further stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 127 S.Ct. at 1964-65 (quotation omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for a motion to dismiss does not require courts to accept as true mere "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]"). "Factual allegations must be enough to raise a right of relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 127 S.Ct. at 1965.

3

### B. Analysis

In its counterclaims for false advertising, TerraCycle alleges that several of Plaintiffs' "claims about the nature, characteristics and qualities of their goods . . . are *per se* misbranded and misleading according to the laws and regulations of the states of California and Washington." (TerraCycle's Counterclaims ¶ 19). The regulations, which relate to product labels, consist of guidelines from the California Department of Food and Agriculture and the Washington State Department of Agriculture. According to Plaintiffs, an alleged violation of a state or agency regulatory provision concerning branding, labeling, or advertising is not a sufficient basis for a Lanham Act false advertising claim. Instead, Plaintiffs' argue, TerraCycle must plead all of the elements of the Lanham Act, independent of any alleged regulatory violation. The Court agrees.

"The Lanham Act creates a civil remedy for the use of a false or misleading description of fact, or false or misleading representation of fact in connection with the sale of goods in interstate commerce." *Sandoz Pharma. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 227 (3d Cir. 1990) (quotation omitted). "To prevail on a claim of false advertising under the Lanham Act, [a plaintiff] must demonstrate that defendant's claims are either literally false or are misleading to the consuming public." *Castrol, Inc. v. Penzoil Co.*, 799 F. Supp. 424, 436 (D.N.J. 1992). Except where the claims allege literal falsity, a plaintiff asserting a claim for false or misleading advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), must allege that:

> (1) the defendant made false or misleading statements about the plaintiff's [or defendant's own] product; (2) there is actual deception or a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff.

4

*Pharmacia Corp. v. GlaxoSmithKline Consumer Healthcare, L.P.*, 292 F. Supp. 2d 594, 598 (D.N.J. 2003) (citing *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 171 (3d Cir. 2001)); 15 U.S.C. § 1125(a)(1)(B).

In *Sandoz*, the Third Circuit held that "it is not sufficient for a Lanham Act plaintiff to show only that the defendant's advertising claims . . . are inadequately substantiated under [federal] guidelines; the plaintiff must also show that the claims are literally false or misleading to the public." 902 F.2d at 229.  The *Sandoz* Court further held that a plaintiff may not base a false advertising claim on alleged noncompliance with federal regulatory provisions concerning labeling and advertising.  *Id.* at 231-32; *see also AstraZeneca LP v. Tap Pharm. Prods., Inc.*, 444 F. Supp. 2d 278, 295 (D. Del. 2006) ("[C]itation to the [federal agency] guidelines, in the absence of proof of literal falsity or misleading of the public, is insufficient to show that the claims . . . are false.").  The *Sandoz* ruling reflects the sound policy that courts should not usurp an agency's "responsibility for interpreting and enforcing potentially ambiguous regulations," but should instead allow the agency the first opportunity to apply the discretion and expertise that is often inherent in agency decisions.  *Sandoz*, 902 F.2d at 231.

Although *Sandoz* discusses what a plaintiff must *prove* to prevail on a false advertising claim under the Lanham Act, the Court finds that the principle announced in that case applies with equal force to the pleading context.  As such, the Court finds that a plaintiff asserting a claim for false advertising under the Lanham Act cannot simply allege violations of state or federal regulatory guidelines.  Instead, to withstand a motion to dismiss, a plaintiff must plead all of the elements of a Lanham Act violation, independent of any alleged federal or state regulatory

5

violation.  Thus, for instance, the fact that a label statement violates a state or federal agency guideline cannot, without more, be the basis of a Lanham Act claim.

Applying *Sandoz* to the instant case, the Court finds that TerraCycle has not sufficiently pled its counterclaim for false advertising under the Lanham Act.  The substance of TerraCycle's counterclaim for false advertising consists of a list of objectionable claims that Plaintiffs have made about their products, a reference to guidelines published by the California Department of Food and Agriculture and the Washington State Department of Agriculture, and an assertion that Plaintiffs' claims are "*per se* misbranded and misleading according to" those state regulatory guidelines.  It is thus indisputable that TerraCycle's claims contain no specific allegations of falsity, but instead rely exclusively on Plaintiffs' alleged failure to comply with state regulatory guidelines.  As such, the Court finds that, under *Sandoz*, TerraCycle's counterclaim for false advertising is insufficient.

Although TerraCycle is correct that the existence of a relevant federal or state regulation does not preclude a plaintiff's Lanham Act claim for false advertising, *see Highmark, Inc. v. UPMC Health Plan Inc.*, 276 F.3d 160 (3d Cir. 2001), that is not the basis for the Court's dismissal of TerraCycle's false advertising counterclaim.  Indeed, the Court does not find that the California and Washington regulatory guidelines preclude a Lanham Act claim.  Nor does the Court find that TerraCycle is prohibited from referencing these guidelines in its counterclaim and throughout the litigation of its claim.  To the contrary, the Court's dismissal merely reflects the concept that TerraCycle's reference to state regulatory guidance cannot substitute for allegations concerning the falsity of Plaintiffs' claims.

Further, TerraCycle's reliance on *Novartis Consumer Health, Inc. v. Johnson & Johnson-*

*Merck Consumer Pharma. Co.*, 290 F.3d 578 (3d Cir. 2002), is misplaced.  There, the Third Circuit addressed an issue left open in *Sandoz* and held that "although the plaintiff normally has the burden to demonstrate that the defendant's advertising claim is false, a court may find that a completely unsubstantiated advertising claim by the defendant is *per se* false without additional evidence from the plaintiff to that effect." *Id.* at 590.  The holding in *Novartis* has no bearing upon the instant case for two reasons.  First, TerraCycle does not allege that Plaintiffs' claims are "completely unsubstantiated."  Second, unlike the case at bar, the issue in *Novartis* did not involve the plaintiff's reliance on alleged violations of regulatory guidelines as a substitute for factual allegations of falsity.

As explained above, the Court dismisses TerraCycle's counterclaim for false and misleading advertising under the Lanham Act because the counterclaim contains no specific allegations of falsity, but rather relies upon an alleged failure to comply with state regulatory guidelines.[1]  The Court also dismisses the counterclaim that TerraCycle asserts under N.J.S.A. § 56:4-1 because that provision is "the statutory equivalent of § 43(a) of the Lanham Act and the two can be treated alike for analytical purposes."  *Eli Lilly and Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 495-96 (D.N.J. 1998) (quotation omitted).  The Court's dismissal of both claims, however, is without prejudice.

---

[1] Having dismissed TerraCycle's counterclaims for false advertising on the grounds that TerraCycle failed to allege sufficient factual allegations independent of alleged regulatory violations, the Court need not reach Plaintiffs' argument that TerraCycle's counterclaims lack the requisite level of specificity.

### III.  CONCLUSION

For the reasons expressed above, the Court grants Plaintiffs' motion and dismisses TerraCycle's first and fourth counterclaims without prejudice.  An appropriate order accompanies this opinion.


                                                                /s/ Joel A. Pisano
                                                                JOEL A. PISANO, U.S.D.J.

Dated:  August 14, 2007